IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

FILED
JUL 07 2021
CLERK, U.S. DISTRICT
NORTHERN DISTRICT
TOLEDO

| UNITED STATES OF AMERICA, | ) | INDICTMENT |
|---|---|---|
| Plaintiff, | ) | |
| | ) | **3:21 CR 510** |
| v. | ) CASE NO. | **JUDGE ZOUHARY** |
| | ) | MAGISTRATE JUDGE CLAY |
| | ) | Title 18, United States Code, |
| GREGORY C. FISHER, | ) | Sections 1343, 1344, and |
| | ) | 1956(a)(1)(B)(i) |
| Defendant. | ) | |

## GENERAL ALLEGATIONS

At all times material to this Indictment:

1. GREGORY C. FISHER was a United States citizen residing primarily in Sylvania, Ohio.

2. The "Victim R Trust" and the "Victim C Trust" (collectively, the "Victim Trusts") were established on or about February 25, 2000 and funded upon the death of Victim R on March 21, 2006 with almost $3 million in combined trust assets that were intended for the "use, benefit, comfort and general welfare" of each trust's donor, Victim R and Victim C, respectively, and in the event of the each donor's death for the "use, benefit, comfort, maintenance and general welfare of the donor's spouse."

3. Both Victim Trusts named FISHER as Successor Trustee, to take effect upon the death, incapacity, or resignation of each trust's donor. FISHER became the Successor Trustee for the Victim R Trust upon the death of Victim R in 2006. FISHER became the Successor Trustee for the Victim C Trust upon the resignation of Victim C as Trustee of the Victim C Trust in 2013.

ORIGINAL

4. The Victim Trusts explicitly prohibited the Trustee from "participat[ing] in any decision concerning the payment, use or application of income or principal for his or her own benefit."

5. The Victim R Trust provided that it would be divided into two trusts, Victim R Trust A and Victim R Trust B:

    a. The Victim R Trust A provided that only the net income from Trust A could be distributed to Victim C during the remainder of her natural life. Victim R Trust A prohibited distribution of any trust principal during Victim C's lifetime.

    b. Victim R Trust B provided that trust net income would be paid to Victim C. Victim R Trust B permitted the trust principal to be distributed during Victim C's lifetime, but only under specified circumstances. Before any distribution of principal, Victim R Trust B specifically required the Trustee to obtain the written consent of Victim C.

6. After Victim R's death in March 2006, the attorney who drafted the Victim Trusts for Victim R and Victim C informed FISHER of the limitations on the use of the Victim Trusts' income and principal.

7. FISHER maintained a bank account at Fifth Third Bank, Account x0549.

8. Victim R and Victim C maintained a joint checking account at Citizen's Bank, Account x1908.

9. The Victim Trusts maintained Trust accounts as follows:

    a. From 2007-2012, Victim R Trust maintained an account with Wells Fargo Advisors, Account x1855.

b. From 2008-2018, Victim R Trust maintained an account with KeyBank, Account x2320.

c. From May 2012 until at least January 2021, Victim R Trust maintained an account with Trust Company Family Office, Account x2600

d. From 2000 to 2013, Victim C Trust maintained an account with Wells Fargo Advisors, Account x2481.

e. From 2013 until July 2017, Victim C Trust maintained an account with Cambridge Trust, Account x0595.

f. From July 2017 until at least January 2021, Victim C Trust maintained an account with Fifth Third Securities, Account x0570.

COUNT 1
(Wire Fraud 18 U.S.C. § 1343)

The Grand Jury charges:

10. The factual allegations contained in paragraphs 1 through 9 of this Indictment are incorporated by reference as if stated fully herein.

11. From in or around 2009 to in or around 2020 in the Northern District of Ohio, Western Division, GREGORY C. FISHER devised and intended to devise a scheme to defraud the Victim Trusts and to obtain money and property by means of materially false and fraudulent pretenses, representations and promises, in that he embezzled approximately $1,897,990.65 from the Victim Trusts' various trust accounts and Victims' bank account x1908.

12. FISHER embezzled the funds in several ways, including:

a. *Distributions from the Victim R Trust.* On numerous occasions, FISHER used his access to Victim R Trust Accounts to electronically transfer funds totaling approximately $1,056,960, from the Victim R Trust accounts listed in paragraph 9 above

3

to his personal account, Fifth Third Bank Account x0549, depleting the Victim R Trust of principal in a manner unauthorized by the terms and conditions of the Trust and to the detriment of Victim C.

    b.   *Distributions from the Victim C Trust.* On numerous occasions, FISHER used his access to Victim C's Trust Accounts to electronically transfer funds from Victim C Trust's accounts listed in paragraph 9 above to Citizen's Bank account x1908. FISHER then wrote numerous checks from account x1908 to himself or for his own personal benefit totaling approximately $841,030.63, depleting the Victim C Trust of principal in a manner unauthorized by the terms and conditions of the Trust and to the detriment of Victim C.

13.    At all times, FISHER portrayed himself to the companies set forth in paragraphs 8 and 9 above as responsibly managing the Victims and Victim Trusts' assets and finances, and acting as fiduciary for the benefit of Victim C. He never disclosed to those companies that he used the Victim Trusts' assets, principal, and income for his own benefit in contravention of the terms and conditions of the Victim Trusts. FISHER never disclosed that he embezzled hundreds of thousands of dollars from the Victim Trusts' and Victims R and C's bank account for his personal use.

14.    For the purpose of executing and attempting to execute the scheme and artifice to defraud, FISHER transmitted and caused to be transmitted by means of wire communication in interstate and foreign commerce, writings, signs, signals, and pictures, to wit: sending and causing to be sent wire communications between the Northern District of Ohio, Western Division and out-of-state credit financial processing centers for the entities listed in paragraphs 7, 8, and 9 above.

All in violation of Title 18, United States Code, Section 1343.

## COUNT 2
(Bank Fraud 18 U.S.C. § 1344)

The Grand Jury further charges:

15. The factual allegations contained in paragraphs 1 through 9 of this Indictment are incorporated by reference as if stated fully herein.

16. At all times material to this indictment, Citizens Bank was a financial institution within the meaning of Title 18 United States Code § 20 in that it was an "insured depository institution" within the meaning of Section 3(c)(2) of the Federal Deposit Insurance Act.

17. On or about the dates listed below, in the Northern District of Ohio, Western Division, Defendant GREGORY C. FISHER knowingly executed and attempted to execute a scheme and artifice to defraud Citizens Bank to obtain monies, funds, credits, assets, securities, and other property owned by and under the custody and control of Citizens Bank by means of false and fraudulent pretense, representations, and promises.

18. Specifically, FISHER fraudulently obtained monies under the custody and control of Citizens Bank by presenting withdrawal slips to obtain monies held in Citizens Bank Account x1908, which withdrawal slips purported to be signed by one of the listed accountholders, Victim R, who was deceased, and FISHER received funds on the dates and in the amounts as detailed below:

| Date of Transaction | Amount |
|---|---|
| July 16, 2018 | $5,000.00 |
| August 17, 2018 | $3,000.00 |
| August 24, 2018 | $2,000.00 |
| September 21, 2018 | $2,000.00 |

All in violation of Title 18 United States Code, Section 1344.

## COUNT 3
### (Money Laundering 18 U.S.C. § 1956(a)(1)(B)(i))

The Grand Jury further charges:

19. The factual allegations contained in paragraphs 1 through 9 of this Indictment are incorporated by reference as if stated fully herein.

20. From on or about November 2013 through on or about August 2020, in the Northern District of Ohio, Western Division, and elsewhere, Defendant GREGORY C. FISHER, knowingly conducted financial transactions affecting interstate and foreign commerce, involving the proceeds of a specified unlawful activity, to wit: wire fraud and bank fraud in violation of Title 18 United States Code, Sections 1343 and 1344, knowing the transactions were designed in whole and in part to conceal and disguise the nature, source, ownership, and control of the proceeds of said specified unlawful activity, knowing that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, including, but not limited to, checks and wire transfers drawn on Fisher Account x0549 payable to South Shore Marina and other boating businesses for the purchase, operation, and maintenance expenses of a 2014 Regal 52 Sport Coupe boat, Hull Identification Number RGMPK058H214, totaling $976,032.86.

All in violation of Title 18 United States Code Sections 1956(a)(1)(B)(i).

### FORFEITURE SPECIFICATION

The Grand Jury further charges:

21. For the purpose of alleging forfeiture pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(1) and (a)(2), and Title 28, United States Code, Section 2461(c), the allegations of Counts 1 through 3 are incorporated herein by reference. As a result of the foregoing offenses, Defendant GREGORY C. FISHER, shall forfeit to the United States

any property real or personal, which constitutes or is derived from proceeds traceable to a violation of the charge set forth in Counts 1; and any property, which constitutes or is derived from proceeds obtained directly, or indirectly as the result of the violation charged in Count 2; and any property, real or personal involved in the violation of Count 3, or any property traceable to such property; including, but not limited to, the following:

    a.    2014 Regal 52 Sport Coupe boat, Hull Identification Number RGMPK058H214; and,

    b.    a money judgment in the amount of the proceeds traceable to the violations charged in Counts 1 through 3.

If, as a result of any act or omission Defendant, any property subject to forfeiture:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third person;

    c.    has been placed beyond the jurisdiction of the Court;

    d.    has been substantially diminished in value; or

    e.    has been comingled with other property which cannot be subdivided without difficulty;

the United States intends, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of Defendant up to the value of the forfeitable property described above.

A TRUE BILL.

Original document - Signatures on file with the Clerk of Courts, pursuant to the E-Government Act of 2002.