IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF OHIO

WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 3:21 CR 510 |
| | ) | |
| Plaintiff, | ) | JUDGE JACK ZOUHARY |
| | ) | |
| v. | ) | |
| | ) | |
| GREGORY C. FISHER, | ) | |
| | ) | |
| Defendant. | ) | |

### JOINT REVISED FORFEITURE JURY INSTRUCTIONS
### AND SPECIAL VERDICT FORM FOR FORFEITURE

The United States of America, through the undersigned Assistant United States Attorney, and undersigned counsel for Defendant Gregory C. Fisher respectfully submit the following Joint Revised Forfeiture Jury Instructions and Special Verdict Form for Forfeiture.

Respectfully submitted,

MICHELLE M. BAEPPLER
First Assistant United States Attorney

By: /s/ Henry F. DeBaggis
     Henry F. DeBaggis (OH: 0007561)
     Assistant United States Attorney
     400 United States Court House
     801 West Superior Avenue
     Cleveland, OH 44113
     216.622.3749 / Fax: 216.522.7499
     Henry.DeBaggis@usdoj.gov

/s/ James A. Sulewski  
James A. Sulewski (OH: 0039131)  
6135 Trust Drive, Suite 115  
Holland, OH 43528  
419.243.6281 / Fax: 419.243.0129  
jsulewski@shindlerneff.com


/s/ Jeffrey C. Zilba  
Jeffrey C. Zilba (OH: 0038676)  
6135 Trust Drive, Suite 115  
Holland, OH 43528  
419.255.1515 / Fax: 419.255.2332  
jeff@zilbalaw.com

ATTORNEYS FOR DEFENDANT

**Joint Requested Forfeiture Instruction No. 1:**

Members of the jury, you have one more task to perform before you are discharged. I must ask you to render a special verdict concerning property the United States alleges is subject to forfeiture.

Forfeiture is a sanction for committing a violation of certain federal laws. Forfeiture means that the government takes away certain property that is connected to the offense(s) for which the defendant was convicted.

---

Rule 32.2 – Federal Rules of Criminal Procedure.

**Joint Requested Forfeiture Instruction No. 2:**

Under Count 1 of the Indictment, you have found Defendant Fisher guilty of the fraud offense of Wire Fraud.

With respect to fraud offenses, the forfeiture laws of the United States provide that the following property is subject to forfeiture: All property, real and personal, that constitutes – or is derived from – proceeds the defendant obtained, directly or indirectly, as the result of the commission of the offense.

In this case, the United States is seeking the forfeiture of the following property as property that the defendant purchased using proceeds obtained from the wire fraud offense:

- **2014 Regal 52 Sport Coupe boat, Hull Identification Number RGMPK058H214.**

With respect to this property, you must determine whether it was purchased using proceeds obtained from the wire fraud offense.

---

28 U.S.C. § 2461(c), which provides: "If a person is charged in a criminal case with a violation of an Act of Congress for which the civil or criminal forfeiture of property is authorized, the Government may include notice of the forfeiture in the indictment or information pursuant to the Federal Rules of Criminal Procedure. If the defendant is convicted of the offense giving rise to the forfeiture, the court shall order the forfeiture of the property as part of the sentence in the criminal case pursuant to the Federal Rules of Criminal Procedure and section 3554 of title 18, United States Code. The procedures in section 413 of the Controlled Substances Act (21 U.S.C.

853) apply to all stages of a criminal forfeiture proceeding, except that subsection (d) of such section applies only in cases in which the defendant is convicted of a violation of such Act."

18 U.S.C. § 982(a)(2), which provides: "The court, in imposing sentence on a person convicted of a violation of, or a conspiracy to violate – (A) section . . . 1341 . . . or 1344 of this title, affecting a financial institution, . . . shall order that the person forfeit to the United States any property constituting, or derived from, proceeds the person obtained directly or indirectly, as the result of such violation."

**Joint Requested Forfeiture Instruction No. 3:**

Under Count 3 of the Indictment, you have found Defendant Fisher guilty of money laundering. With respect to money laundering offenses, the laws of the United States provide that the following property is subject to forfeiture:

- All property that was "involved in" the money laundering offense.

The term "property involved in" the money laundering offense includes the following:

- Property that was purchased – in whole or in part - as part of the money laundering transaction.

As set forth in the previous instruction, the United States is seeking the forfeiture in this case of the following property:

- **2014 Regal 52 Sport Coupe boat, Hull Identification Number RGMPK058H214.**

In addition to the basis for forfeiture set forth in the previous instruction, the United States also seeks the forfeiture of this property as property that was involved in the money laundering offense. Therefore, based upon your guilty verdict to Count 3 of the Indictment, you must determine whether this property was purchased – in whole or in part - as part of the money laundering transaction(s).

_____

18 U.S.C. § 982(a)(1), which provides: "The court, in imposing sentence on a person convicted of an offense in violation of section . . . 1956 . . . of this title, shall order that the person forfeit to the United States any property, real or personal, involved in such offense, or any property traceable to such property."

*United States v. Hailey*, 887 F.Supp.2d 649, 654 (D. Md. 2012) (the cars and jewelry purchased with fraud proceeds in violation of 18 U.S.C. § 1957 were each forfeitable as property involved in the money laundering offense).

*United States v. Coffman*, 859 F.Supp.2d 871, 881 (E.D. Ky. 2012) (condo that defendant purchased with proceeds of securities fraud is forfeitable both as proceeds and as the subject of a money laundering offense).

*United States v. Nektalov*, 461 F.3d 309, 319 (2d Cir. 2006) (diamonds that were to be exchanged for drug money in a sting case were forfeitable as the "corpus" of the money laundering offense).

*In re 650 Fifth Ave. and Related Props.*, 777 F.Supp.2d 529, 557, 566 n. 11 (S.D.N.Y. 2011) (if using criminally-derived funds to maintain and improve a building is a money laundering offense, the building itself is "property involved" in that offense).

*United States v. Arthur*, 2006 WL 2992865, at *5 (E.D. Wis. 2006) (if purchase of vehicle and watercraft were money laundering transactions, both items were "involved in" the offense).

*United States v. Huggins*, 376 F.Supp.2d 580, 585-586 (D. Del. 2005) (where purchase of vehicle was the money laundering offense, government entitled to forfeiture of the vehicle or to a money judgment for the amount of the purchase).

*United States v. Real Prop. Identified as Parcel 03179-005R*, 311 F.Supp.2d 126, 130 (D.D.C. 2004) (if defendant uses SUA proceeds to pay off lien on an airplane, the airplane is forfeitable as property involved in a money laundering offense).

*United States v. Premises Known as 3 Jade Lane*, 1995 WL 580072, at *9 (E.D. Pa. 1995) (real property purchased in a transaction that violates 18 U.S.C. § 1957 is forfeitable as property involved in the offense).

*United States v. Kivanc*, 714 F.3d 782, 794-795 (4th Cir. 2013) (residence in which fraud proceeds were invested is subject to forfeiture in its entirety as property involved in a money laundering offense, even though legitimate funds were also invested in the property).

*United States v. Beltramea*, ___ F.Supp.3d ___, 2016 WL 427096, *6-7 (N.D. Iowa 2016) (defendant's use of fraud proceeds to pay for improvements to real property was a money laundering offense, making the property forfeitable in its entirety as the "object" of the offense).

*United States v. Odom*, 2007 WL 2433957, at *8 (S.D. Miss. 2007) (if the purchase of real property is charged as the money laundering offense, the property is forfeitable in its entirety as the subject matter (or corpus) of the offense, even though the purchase money included tainted and untainted funds).

*United States v. Real Prop. Known as 1700 Duncanville Rd.*, 90 F.Supp.2d 737, 741 (N.D. Tex. 2000), *aff'd*, 250 F.3d 738 (5th Cir. 2001) (Table) (where less than half of money used to buy real property was proceeds of food stamp fraud, property was forfeitable in its entirety because the purchase was a violation of section 1957).

*United States v. One 1987 Mercedes Benz 300E*, 820 F.Supp. 248, 252 (E.D. Va. 1993) (where section 1956 and 1957 financial transaction is a car payment, car is involved in the money laundering offense and is forfeitable in its entirety even if legitimate funds are used to make other payments).

*United States v. Four Contiguous Parcels*, 191 F.3d 461, 1999 WL 701914, at *6-7 (6th Cir. 1999) (Table) (where defendant invested both clean and tainted funds in purchase of real property and used the purchase as a device for laundering the dirty money, the real property was forfeitable in its entirety; no Eighth Amendment violation).

**Joint Requested Forfeiture Instruction No. 4:**

You are instructed that your previously returned guilty verdicts are binding on this part of the proceedings, and you must not discuss or determine anew whether the defendant is guilty of those offenses.

However, my previous instruction on the government's burden of proof regarding your verdict on the guilt of the defendant does **not** apply to your deliberations and verdict regarding forfeiture. In this part of the trial, the government's burden of proof is "by a preponderance of the evidence." That burden is unlike the burden imposed upon the government in the earlier part of the case, which, as I defined to you then, was proof "beyond a reasonable doubt." In this part of the case, the government need not prove the facts "beyond a reasonable doubt." To "establish by a preponderance of the evidence" means to prove that something is more likely so than not so. In other words, a preponderance of the evidence in this case means such evidence as, when considered and compared with that opposed to it, has more convincing force, and produces in your minds belief that what is sought to be proved is more likely true than not true.

---

*United States v. Smith*, 966 F.2d 1045, 1050-1053 (6th Cir. 1992) (forfeiture is part of sentencing, which is governed by the preponderance standard; same standard applies to forfeiture of proceeds and facilitating property).

*United States v. Bevelle*, 2011 WL 3795692, *7 (6th Cir. 2011) ("For property to be subject to forfeiture, the government must prove by a preponderance of the evidence that the property is the proceeds of the drug violation.").

*United States v. Corrado*, 227 F.3d 543, 550-551 (6th Cir. 2000) (*Corrado I*) (defendants were convicted of RICO conspiracy; *Apprendi v. New Jersey*, 530 U.S. 466 (2000) does not apply to criminal forfeiture; under *Libretti v. United States*, 516 U.S. 29 (1995), forfeiture is an aspect of

9

the sentence, not a separate offense; therefore, forfeiture need not be proved beyond a reasonable doubt).

*United States v. Corrado*, 286 F.3d 934 (6th Cir. 2002) (*Corrado II*) (petition for rehearing denied).

*South-East Coal Company v. Consolidation Coal Company*, 434 F.2d 767, 778 (6th Cir. 1970) ("To establish the preponderance of the evidence means to prove that something is more likely so than not so; in other words, the 'preponderance of the evidence' means such evidence, when considered and compared with that opposed to it, has more convincing force and produces in your minds belief that what is sought to be proved is more likely to be true than not true.").

**Joint Requested Forfeiture Instruction No. 5:**

Other than the standard of proof, all of the instructions previously given to you concerning your consideration of the evidence, the credibility or believability of the witnesses, your duty to deliberate together and the necessity of a unanimous verdict, will all continue to apply during your deliberations concerning the forfeiture.

**Joint Requested Forfeiture Instruction No. 6:**

I further instruct you that what happens to any property that is declared forfeited is exclusively a matter for the Court to decide. You should not consider what might happen to the property in determining whether the property is subject to forfeiture. Instead, you should focus only on deciding, as I have previously charged, whether the property was connected to an offense in a way that makes it forfeitable. Any interest that another person may have or claim to have in the property will be taken into account later by this Court in a separate proceeding and is not for your consideration as jurors.

Also, any claims that the forfeiture of the property would constitute excessive punishment will be taken into account by the Court at a later time.

---

*United States v. Brown*, 2007 WL 470445, *5 (M.D. Fla. 2007).

**Joint Requested Forfeiture Instruction No. 7:**

During your deliberations, you may consider any evidence (including testimony) offered by the parties, either before or after your deliberations concerning the crimes charged in the Indictment.

A Special Verdict form has been prepared for your use. With respect to the property, you are asked to determine whether that property was connected to certain offenses for which the defendants have been found guilty. You may answer each question by simply putting an "x" or check mark in the space provided next to the words "yes" or "no".

You will see that the questions ask you to consider separately whether the property is subject to forfeiture on more than one basis. Even if you find that the property is, in fact, subject to forfeiture for more than one reason, that does not mean that the United States will receive forfeited property twice. It is important, however, that you indicate on the Special Verdict form all bases on which you find the property subject to forfeiture. Any issue of double-counting will be considered by the Court in imposing sentence.

You will take this verdict form to the jury room and, when you have reached a unanimous agreement as to your verdict, you will have your foreperson date and complete the form and each of you will sign it. Then contact us and advise us that a verdict has been reached.

---

Rule 32.2(b)(1)(B) - Federal Rules of Criminal Procedure.

*United States v. Brown*, 2007 WL 470445, *5 (M.D. Fla. 2007).

*United States v. Sandini*, 816 F.2d 869, 873-874 (3d Cir. 1987) (issues of culpability and forfeitability should be determined in the same trial, but the jury should not consider the special forfeiture verdict until after it has convicted the defendant).

*United States v. Bornfield*, 145 F.3d 1123, 1134 (10th Cir. 1998), *cert. denied*, 120 S. Ct. 986 (2000) (quoting jury instruction that while deliberating on forfeiture "you may consider any evidence offered by the parties before your previous deliberations").

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF OHIO

WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 3:21 CR 510 |
| | ) | |
| Plaintiff, | ) | JUDGE JACK ZOUHARY |
| | ) | |
| v. | ) | |
| | ) | |
| GREGORY C. FISHER, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | **SPECIAL VERDICT (FORFEITURE)** |

We, the jury, having previously returned guilty verdicts as to Counts 1 and 3 of the Indictment, now return the following Special Verdict (Forfeiture) as to the following property.

1. **2014 Regal 52 Sport Coupe boat, Hull Identification Number RGMPK058H214.**

   a.) Is this boat a proceed that the defendant Fisher obtained, directly or indirectly, from the Wire Fraud offense charged in Count 1 of the Indictment?

   Yes: _____         No: _____

   b.) Was this boat involved in the Money Laundering offense charged in Count 3 of the Indictment?

   Yes: _____         No: _____

_____

**Your deliberations are concluded; please sign and date this Special Verdict form.**

**Signatures of Jurors:**

_____    _____

_____    _____

_____    _____

_____    _____

_____    _____
                                  Foreperson

Date: _____